UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUTHA CARROLL, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-08-2970 |
| § | |
| HARRIS COUNTY, TEXAS, *et al.*, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the court are (1) a motion for judgment as a matter of law filed by defendants Nicholas Carter, Juan Celestial, George W. Ellington, Rex Evans, Andy Hulsey, Kevin Sims, and Andy Viruette, Jr. (collectively, the "Officers") (Dkt. 162); (2) a motion for leave to file excess pages filed by the Officers (Dkt. 174); (3) a renewed motion for judgment as a matter of law filed by the Officers (Dkt. 175); and (4) a motion to partially reconsider the court's order on Defendants Harris County's motion for summary judgment filed by plaintiffs Herman Carroll, Sr., and Rutha Carroll (Dkt. 178). Having considered the motions, related documents in the record, and the applicable law, the court is of the opinion that the Officers' motions for judgment (Dkts. 162, 175) should be DENIED, the Officers' motion to file excess pages (Dkt. 174) should be GRANTED, and the Carrolls' motion should be DENIED.

### I. MOTION FOR JUDGMENT AS A MATTER OF LAW

This case went to trial on April 15, 2013. Dkt. 156. The Officers moved for judgment as a matter of law after the plaintiffs rested on the fifth day of trial. Dkts. 161-62. The court took the motion under advisement. Dkt. 161. Defendants presented their case and rested on April 23, 2013. Dkt. 164. They then renewed their motion for judgment as a matter of law, which the court took under advisement. *Id.* The jury was charged on April 24, 2013. Dkt. 165. On the second day of deliberations, the jury advised the court that it was deadlocked, and the court gave the jury an

*Allen* charge. Dkt. 169. On the third day of deliberations, the jury again advised that it was unable to reach a unanimous decision, and the court declared a mistrial. Dkts. 172-73. The Officers filed a renewed motion for judgment as a matter of law on May 2, 2013. Dkt. 175. The Carrolls responded to the Officers' motions for judgment, arguing that they presented evidence at trial demonstrating an issue of material fact as to the liability of each officer. Dkt. 177. The court agrees that there are issues of fact as to each officer that need to be resolved by a jury. Accordingly, the Officers' motions for judgment as a matter of law are DENIED.

## II. MOTION FOR RECONSIDERATION

The Carrolls argue in their response to the Officers' renewed motion for judgment as a matter of law (Dkt. 177), and in a separate motion for reconsideration (Dkt. 178), that the evidence at trial demonstrated that there are issues of material fact relating to (1) whether there was a persistent widespread practice of officers engaging in excessive force adopted by Harris County; and (2) whether the Sheriff's Department failed to train and supervise its officers with respect to the use and administration of the TASER devices. Dkt. 177. They thus request that the court reconsider the order it entered granting summary judgment in Harris County's favor on September 8, 2011. Dkts. 177-78.

In that order, the court granted summary judgment in favor of defendants Tommy Thomas and Harris County, noting that the plaintiffs had not responded Thomas's motion for summary judgment. Dkt. 106. The court stated that Thomas has correctly pointed out that there was no evidence that Thomas, who was the official policymaker, had any knowledge of bulletins that TASER sent to Harris County Sheriff's Office, and if he did not have knowledge of the bulletins, then he could not be liable under § 1983 for failing to train the Officers about them. *Id.* Additionally, since there was no evidence that the official policymaker had knowledge of the bulletins, then Harris County likewise could not be held liable. *Id.*

While the court agrees that there was some evidence presented at trial relating to an alleged lack of adequate training by Harris County, there was no evidence presented that the official policymaker was aware of the information and deliberately indifferent. *See Conner v. Travis Cnty.*, 209 F.3d 794, 796 (5th Cir. 2000) ("To succeed on their failure to train claim, the [plaintiffs] must show three things: (1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's *policymaker was deliberately indifferent* in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury." (emphasis added)). Thus, there is not sufficient evidence to reconsider the court's earlier ruling granting summary judgment in favor of Harris County.[1] The Carroll's motion for reconsideration (Dkt. 178) is therefore DENIED.

### III. Conclusion

The Officers' motions for judgment as a matter of law (Dkts. 162, 175) are DENIED. The Officers' motion to file excess pages (Dkt. 174) is GRANTED. The Carrolls' motion for reconsideration (Dkt. 178) is DENIED.

It is so **ORDERED**.

Signed at Houston, Texas on June 27, 2013.

_____
Gray H. Miller
United States District Judge

---

[1] Though Harris County is no longer a party due to the earlier summary judgment, both of Harris County's attorneys are still listed as receiving electronic service of documents filed in this case and were thus on notice that the Carrolls were seeking reconsideration. However, like the plaintiffs with regard to Thomas's motion for summary judgment, Harris County failed to respond to the Carrolls' motion to reconsider. While courts in this district treat a motion to which a party fails to respond as unopposed (*see* S.D. Tex. L.R. 7.4), in this instance the Carrolls bore the burden of demonstrating that the court should reconsider it previous order, and the court finds as a matter of law that the Carrolls did not meet that burden.